CLOUGH, Ex'R, APPELLANT, *v.* SANDERS, GUARD'N, APPELLEE.

By the General Statutes, ch. 188, secs. 3 and 4, it is enacted that the person who appeals from a decree of the judge of probate shall give a bond to prosecute his appeal, and shall give notice of such appeal by publication. *Held*, that, if these provisions be not complied with, this court cannot take congnizance of the appeal, but it must be dismissed.

APPEAL, by David M. Clough, executor of the will of Maria E. Croft, deceased, from a decree of the judge of probate accepting a report of a committee to make partition of certain real estate, upon the petition of Samuel W. Sanders, guardian of Apphia J. Croft. The appeal was filed August 6, 1872, and was entered in this court at the December term, 1872.

No notice of said appeal has ever been given. No bond was filed till May 19, 1873.

At the June term, 1873, the appellee, by her guardian, appeared specially, and moved to dismiss the appeal, because of the failure to publish notice, and because no such bond as the statute requires has been filed, or, if the bond is otherwise in form, because it was not seasonably filed.

*Vaughan*, for the appellant.

*Rogers*, specially, for the appellee.

*ISAAC W. SMITH, J.    When an appeal is taken from a decree of a probate court, the statute requires that "notice shall be immediately given of such appeal, and of the court at which it will be entered and prosecuted, by publication thereof." Gen. Stats., ch. 188, sec. 4. These proceedings are fatally defective because of want of notice. The

---

* HIBBARD, J., having been of counsel, did not sit.

requirement of the statute is, that notice shall be given *immediately*. It is evident the legislature intended, when one party is dissatisfied and claims an appeal, that the other party should be notified at once, that no unnecessary delay might occur, and that his rights might not be prejudiced thereby.

In *Parker's Appeal*, 15 N. H. 24, it was held, that " if these provisions [giving notice and filing bond] be not complied with, this court cannot take cognizance of the appeal, but it must be dismissed ; " that " without a compliance with these provisions there is no valid appeal," but " only a foundation laid for an appeal by filing a written claim in the court of probate."

It is a year and a half since this appeal was taken : this is the third term since it was entered in this court, and no notice has been given, and no reason is assigned why notice has not been given.    The statute requirement, that notice be given *immediately*, cannot be thus ignored. It is unnecessary to pass upon the question whether the bond was properly executed or seasonably filed.

If the appellant has been prevented from perfecting his appeal " through mistake, accident, or misfortune, and not from his own neglect," the two years within which he can petition for leave to appeal have not yet expired, and the dismissal of this proceeding will not deprive him of the opportunity of presenting the merits of his case to the attention of the court, if he has confidence that he can make such a case as would authorize the court to go behind the report of the committee.                                    *Appeal dismissed.*